UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN J CRUZ, | CASE NO. C20-729 MJP |
| Plaintiff, | ORDER GRANTING MOTION TO CHANGE VENUE |
| v. | |
| FERRY COUNTY, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on Defendant's Motion to Transfer Venue to the District of North Dakota. (Dkt. No. 4.) Having reviewed the Motion, the Response (Dkt. No. 9), the Reply (Dkt. No. 11), and the related record, the Court GRANTS the Motion to Transfer Venue.

**Background**

Plaintiff, John J. Cruz alleges that he was subjected to discriminatory acts on the basis of his race and retaliation after he reported sexual misconduct while he was a police officer with the City of Republic Police Department. (Dkt. No. 1, Ex. 2 ("Compl.").) Plaintiff filed this suit in

King County, Washington on April 10, 2020. On May 14, 2020, Defendants removed the case to this Court. Seven of the ten Defendants reside within the Eastern District of Washington and all seek to have the matter transferred to the Eastern District, arguing that their contacts in the Eastern District of Washington are far more substantial than those in the Western District of Washington. (Dkt. No. 4 at 7.) Plaintiff lives in King County, Washington. (Compl., ¶ 1.1.)

**Discussion**

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). A motion to transfer is within the district court's discretion, and is subject to an "individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

In determining whether to grant such a motion, the Ninth Circuit instructs district courts to consider the following factors applicable to this case: (1) the plaintiff's choice of forum, (2) the respective parties' contacts with the forum, (3) the contacts relating to the plaintiff's cause of action in the chosen forum, (4) the differences in the costs of litigation in the two forums, (5) the availability of compulsory process to compel attendance of unwilling nonparty witnesses. Id. at 498-499. Other relevant factors include court congestion and conservation of judicial resources, local interest in deciding local controversies, and burdening citizens in an unrelated forum with jury duty. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

1    Here, the Court finds that these factors favor transferring the case to the Eastern District
2 of Washington. While Plaintiff filed this matter in King County and his choice of forum is to be
3 accorded great weight, Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987), this matter has no
4 discernable connection to Plaintiff's chosen forum and is outweighed by the other factors weighed in
5 determining whether this matter should be transferred.

6    First, seven of the 10 Defendants reside in the Eastern District and all Defendants move
7 to transfer this matter. (Dkt. No. 4 at 7.) Second, all the discriminatory or retaliatory actions
8 alleged by Plaintiff occurred while he was working in the City of Republic or attending the
9 Criminal Justice Training Commission's Basic Law Enforcement Academy in Spokane, both
10 cities in the Eastern District. (See Compl. ¶¶ 2.1-2.91.) None of the facts alleged in the
11 Complaint occurred in the Western District of Washington. (Id.) Third, as Defendants note, the
12 travel expenses for the witnesses who will presumably live in the Eastern District "will
13 exponentially increase . . . if they are forced to travel rather than the potential handful of
14 witnesses residing in the Western District." (Dkt. No. 4 at 10.) Plaintiff argues that for many of
15 the witnesses, travel to the courthouse in the Eastern District would be almost as burdensome as
16 travel to the Western District. (Dkt. No. 9 at 6-8.) However, Plaintiff does not explain why the
17 witnesses should forego what Plaintiff terms the "illusory" convenience of remaining in the
18 district where they reside and work when this case has no connection to the Western District.
19 (Id. at 9.)

20    Fourth, as Defendants note, the physical evidence in this case is located almost
21 exclusively in the Eastern District. (Id. at 11.) This would include employment and law
22 enforcement records maintained by the City of Republic, the City of Spokane, and Ferry County.
23 (Id.) Finally, because this case is exclusively concerned with events that occurred in the Eastern
24 District and has no discernible connection to the Western District, the Court finds that public

policy factors—particularly the local interest in deciding local controversies and not burdening citizens in an unrelated forum with jury duty—favor transfer.  See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

**Conclusion**

The Court finds that the factors described above weigh in favor of transferring this matter to the Eastern District of Washington.  While the Plaintiff prefers to litigate this matter in this district, the events alleged in the Complaint occurred exclusively in the Eastern District, nearly all the Defendants and witnesses reside in that district, and the Court can discern no connection to the Western District from the allegations in the Complaint.  The case shall therefore be transferred to the Eastern District of Washington.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 30, 2020.

Marsha J. Pechman
United States District Judge

policy factors—particularly the local interest in deciding local controversies and not burdening citizens in an unrelated forum with jury duty—favor transfer.  See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

**Conclusion**

The Court finds that the factors described above weigh in favor of transferring this matter to the Eastern District of Washington.  While the Plaintiff prefers to litigate this matter in this district, the events alleged in the Complaint occurred exclusively in the Eastern District, nearly all the Defendants and witnesses reside in that district, and the Court can discern no connection to the Western District from the allegations in the Complaint.  The case shall therefore be transferred to the Eastern District of Washington.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 30, 2020.

Marsha J. Pechman
United States District Judge