1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN J CRUZ, | CASE NO. C20-729 MJP |
| Plaintiff, | ORDER GRANTING MOTION TO CHANGE VENUE |
| v. | |
| FERRY COUNTY, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on Defendant's Motion to Transfer Venue to the Eastern District of Washington.  (Dkt. No. 4.)  Having reviewed the Motion, the Response (Dkt. No. 9), the Reply (Dkt. No. 11), and the related record, the Court GRANTS the Motion to Transfer Venue.

**Background**

Plaintiff, John J. Cruz alleges that he was subjected to discriminatory acts on the basis of his race and retaliation after he reported sexual misconduct while he was a police officer with the City of Republic Police Department.  (Dkt. No. 1, Ex. 2 ("Compl.").)  Plaintiff filed this suit in

1   King County, Washington on April 10, 2020.  On May 14, 2020, Defendants removed the case to

2   this Court.  Seven of the ten Defendants reside within the Eastern District of Washington and all

3   seek to have the matter transferred to the Eastern District, arguing that their contacts in the

4   Eastern District of Washington are far more substantial than those in the Western District of

5   Washington.  (Dkt. No. 4 at 7.)  Plaintiff lives in King County, Washington.  (Compl., ¶ 1.1.)

6   **Discussion**

7          "For the convenience of parties and witnesses, in the interests of justice, a district court

8   may transfer any civil action to any other district or division where it might have been brought or

9   to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The

10  purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect

11  litigants, witnesses and the public against unnecessary inconvenience and expense."  Van Dusen

12  v. Barrack, 376 U.S. 612, 616 (1964).  A motion to transfer is within the district court's

13  discretion, and is subject to an "individualized, case-by-case consideration of convenience and

14  fairness."  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

15         In determining whether to grant such a motion, the Ninth Circuit instructs district courts

16  to consider the following factors applicable to this case: (1) the plaintiff's choice of forum, (2)

17  the respective parties' contacts with the forum, (3) the contacts relating to the plaintiff's cause of

18  action in the chosen forum, (4) the differences in the costs of litigation in the two forums, (5) the

19  availability of compulsory process to compel attendance of unwilling nonparty witnesses.  Id. at

20  498-499.  Other relevant factors include court congestion and conservation of judicial resources,

21  local interest in deciding local controversies, and burdening citizens in an unrelated forum with

22  jury duty.  See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.

23  1986).

24

ORDER GRANTING MOTION TO CHANGE VENUE - 2

Here, the Court finds that these factors favor transferring the case to the Eastern District of Washington.  While Plaintiff filed this matter in King County and his choice of forum is to be accorded great weight, Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987), this matter has no discernable connection to Plaintiff's chosen forum and is outweighed by the other factors weighed in determining whether this matter should be transferred.

First, seven of the 10 Defendants reside in the Eastern District and all Defendants move to transfer this matter.  (Dkt. No. 4 at 7.)  Second, all the discriminatory or retaliatory actions alleged by Plaintiff occurred while he was working in the City of Republic or attending the Criminal Justice Training Commission's Basic Law Enforcement Academy in Spokane, both cities in the Eastern District.  (See Compl. ¶¶ 2.1-2.91.)  None of the facts alleged in the Complaint occurred in the Western District of Washington.  (Id.)  Third, as Defendants note, the travel expenses for the witnesses who will presumably live in the Eastern District "will exponentially increase . . . if they are forced to travel rather than the potential handful of witnesses residing in the Western District."  (Dkt. No. 4 at 10.)  Plaintiff argues that for many of the witnesses, travel to the courthouse in the Eastern District would be almost as burdensome as travel to the Western District.  (Dkt. No. 9 at 6-8.)  However, Plaintiff does not explain why the witnesses should forego what Plaintiff terms the "illusory" convenience of remaining in the district where they reside and work when this case has no connection to the Western District.  (Id. at 9.)

Fourth, as Defendants note, the physical evidence in this case is located almost exclusively in the Eastern District.  (Id. at 11.)  This would include employment and law enforcement records maintained by the City of Republic, the City of Spokane, and Ferry County.  (Id.)  Finally, because this case is exclusively concerned with events that occurred in the Eastern District and has no discernible connection to the Western District, the Court finds that public

1    policy factors—particularly the local interest in deciding local controversies and not burdening

2    citizens in an unrelated forum with jury duty—favor transfer.  See Decker Coal Co. v.

3    Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

4                                                **Conclusion**

5            The Court finds that the factors described above weigh in favor of transferring this matter

6    to the Eastern District of Washington.  While the Plaintiff prefers to litigate this matter in this

7    district, the events alleged in the Complaint occurred exclusively in the Eastern District, nearly

8    all the Defendants and witnesses reside in that district, and the Court can discern no connection

9    to the Western District from the allegations in the Complaint.  The case shall therefore be

10   transferred to the Eastern District of Washington.

11

12           The clerk is ordered to provide copies of this order to all counsel.

13           Dated July 9, 2020.

14

15                                                Marsha J. Pechman

16                                                United States District Judge

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION TO CHANGE VENUE - 4